[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #170
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies, 240 Conn. 576, 580, 693 A.2d 293 (1997). A motion to strike "may [also] be used to test whether Connecticut is ready to recognize some newly emerging ground of liability."Estate of Aldo v. Guardiani, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052203 (Mar. 16, 1996, Skolnick, J.) (16 Conn. L. Rptr. 466, 467).
This court does not need to reach the question of whether it should recognize a cause of action for aiding and abetting a breach of contract. A plaintiff charging a defendant with aiding and abetting a wrongful activity must, at least, allege that the defendant was "generally aware" of its participation in the wrongful activity. See Brunette v. Bristol Savings Bank, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 453957 (Aug. 22, 1994, Berger, J.) (requiring the defendant to be "generally aware" of the wrong it was aiding when recognizing a cause of action for aiding and abetting common law fraud). In the present case, the only knowledge that the plaintiff alleges is that the defendant, The Putnam Trust Company of Greenwich, had "imputed knowledge" of the contract breach. "Imputed knowledge" does not rise to the level of being "generally aware". The plaintiff fails to allege facts sufficient to maintain a cause of action for aiding and abetting a breach of contract. Therefore, the motion to strike the fifth count should be granted.
The sixth count, alleging tortious interference, derives from the fifth count. Therefore, the motion to strike the sixth count should be granted. See also, Jacobs v. Putnam Trust Co. ofGreenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143807 (Jan. 25, 1996, Tobin, J.). CT Page 8681
Similarly, the seventh count derives from counts five and six. Therefore, the motion to strike count seven should also be granted.
The defendant The Putnam Trust Company of Greenwich's Motion to Strike is granted for the above stated reasons.
MINTZ, J.